| UNITED STATES DISTRICT COURT | | C/M |
| EASTERN DISTRICT OF NEW YORK | | |

------------------------------------------------------- X
                                            :

EDITH S. MCGEE,

                  Plaintiff,

            - against -                    **MEMORANDUM DECISION AND ORDER**

WEBBANK INC., FINGERHUT
COMPANIES, INC., and BLUESTEM            19-cv-549 (BMC) (LB)
BRANDS, INC.,

                  Defendants.

------------------------------------------------------- X

**COGAN,** District Judge.

      Plaintiff *pro se* commenced this action in the Supreme Court of the State of New York, County of Queens, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and New York General Business Law ("GBL") § 349, as well as a claim for common law fraud. Defendants removed the action to this Court and have moved to dismiss plaintiff's state law claims as preempted by the FCRA.

      Plaintiff moved for an extension of time to complete additional research. The Court granted that motion and directed plaintiff to file her opposition to defendants' motion to dismiss by March 22, 2019. Plaintiff has failed to file an opposition, and the time for doing so has passed. Accordingly, the Court will consider the merits of defendants' motion to dismiss.

## BACKGROUND

      The following facts are taken from plaintiff's complaint and are assumed true for the purpose of this motion.

Plaintiff alleges that Fingerhut is an online and mail retailer.[1] Defendant WebBank is an industrial bank that finances products purchased through Fingerhut's website and mail catalogues. Defendant Bluestem Brands, Inc. is the servicer for WebBank's credit accounts that finance Fingerhut's products.

In early 2014, plaintiff reviewed her credit report and saw that "WebBank/Fingerhut" was reporting negative trade lines. Plaintiff had never opened a Fingerhut account, nor had she ordered or received any products from it. Plaintiff called Fingerhut to inform it that it was reporting false information on her credit report. The Fingerhut representative asked for plaintiff's personal information, which she provided. The representative informed plaintiff that her information did not match the account at issue.

Plaintiff, whose name is Edith S. McGee, has an almost identical name to her grandmother, Edith J. McGee. Plaintiff's grandmother opened an account with Fingerhut during a time when she lived with plaintiff, although she used her own personal information to open the account, not plaintiff's. Plaintiff assumed that the similarity of their names might have caused confusion and resulted in the alleged false reporting on her credit report.

Plaintiff sent to Fingerhut a copy of plaintiff's and plaintiff's grandmother's state photo identification cards, and in that correspondence, plaintiff explained that she never opened a Fingerhut account and again disputed the trade lines on her credit report. In response, Fingerhut said that it would investigate plaintiff's dispute, but only if plaintiff completed an affidavit stating that she did not authorize the transactions and never received any products or services from Fingerhut.

---

[1] Defendants represent in their motion to dismiss that Fingerhut is one of defendant Bluestem's brands and is not a separate legal entity. Pursuant to Federal Rule of Civil Procedure 21, Fingerhut is hereby dismissed as a party to this action.

Once she completed the affidavit, plaintiff alleges that defendants replaced the information that they had on file for the account at issue (that did not match plaintiff's personal information when she called Fingerhut originally) with the information plaintiff provided in the affidavit and have continued to report the disputed trade lines on plaintiff's credit report.

**DISCUSSION**

Section 1681s-2(a)(1)(A) of the FCRA prohibits a person from furnishing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." Upon receiving notice of "a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," the furnisher of that disputed information is required to conduct an investigation; review the relevant information provided by the consumer reporting agency; report the results of that investigation to the consumer reporting agency; report the discovery of any incomplete or inaccurate information provided to all other consumer reporting agencies to which the information was furnished; and modify, delete, or permanently block the reporting of any incomplete or inaccurate information. See 15 U.S.C § 1681s-2(b)(1).

Section 1681t(b)(1)(F) of the FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies," with exceptions for specifically identified Massachusetts and California laws.

As defendants correctly point out, the Second Circuit has held that the plain language of § 1681t(b)(1)(F) preempts state statutory and common law tort claims that relate to allegations of false reporting. See Macpherson v. JPMorgan Chase Bank, N.A., 665 F.3d 45, 47-48 (2d Cir.

2011). Consistent with <u>Macpherson</u>, plaintiff's state law claims concern subject matter regulated under 15 U.S.C. § 1681s-2.

GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce in the furnishing of any service" in New York State. Similarly, under New York law, common law fraud involves the reliance on false representations of a material fact made with the intent to deceive. See <u>Flickinger v. Harold C. Brown & Co.</u>, 947 F.2d 595, 599 (2d Cir. 1991) (internal citations omitted). Although defendants' alleged manipulation of their records to support false information furnished about plaintiff might otherwise be actionable under GBL § 349 or New York State common law fraud, this conduct is also regulated by §§ 1681s-2(a) and (b), which prohibit the furnishing of false information and require investigative and remedial steps upon the discovery of potentially false or false information, respectively. Under neither the FCRA, the GBL, nor the common law can defendants manipulate records to hide the falsity of information they furnished. Indeed, the overlap between plaintiff's federal and state law claims is evident from the face of the complaint, in which plaintiff employs the same set of facts to support each of them.

Because plaintiff's state statutory and common law claims concern subject matter regulated by relevant provisions of the FCRA, they are preempted by the plain language of § 1681t(b)(1)(F).

## CONCLUSION

Accordingly, defendants' [6] partial motion to dismiss is granted. Plaintiff's first and second causes of action are dismissed as preempted. This action will proceed with respect to plaintiff's FCRA claim only. The case is referred to Magistrate Judge Bloom for all non-

4

dispositive pre-trial matters. The Clerk of Court is directed to amend the docket sheet to reflect the Court's order dismissing Fingerhut as a party to this action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                           _____
                                                                                    U.S.D.J.

Dated: Brooklyn, New York
       April 1, 2019